RECEIVED
SEP 2 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DWAYNE M. MURRAY, TRUSTEE FOR THE BANKRUPTCY ESTATE OF ERIC J. RICHARD | CIVIL ACTION NO. 08-0471 |
| | JUDGE DOHERTY |
| VERSUS | MAGISTRATE JUDGE METHVIN |
| NEFF RENTAL, INC. | |

## MEMORANDUM RULING

Pending before the Court is the "Objection to Ruling on Opposed Motion to File Amended Answer and Counterclaim in Recoupment" [Doc. 34] and the "Amended Objection to Ruling on Opposed Motion to File Amended Answer and Counterclaim in Recoupment" [Doc. 37] filed by defendant Neff Rental, Inc. ("Neff"), wherein Neff appeals the magistrate judge's denial of its "Motion to File Amended Answer and Counterclaim in Recoupment" [Doc. 24], in which Neff seeks to assert a counterclaim in recoupment beyond the deadline for amendment of pleadings. Plaintiff Dwayne M. Murray, Trustee for the Bankruptcy Estate of Eric J. Richard, has not responded to the appeal. For the following reasons, this Court concludes the magistrate judge was not provided all of the sufficient, relevant information at the time she rendered her ruling on Neff's motion. Therefore, this Court concludes the ruling was "clearly erroneous" and is, therefore, REVERSED, for the reasons that follow.

I.  **Factual Background and Argument of Parties**

Plaintiff filed this action against his former employer, Neff, alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), and violations of the

Louisiana Employment Discrimination Law ("LEDL").

Neff answered plaintiff's complaint on June 9, 2008, generally denying plaintiff's allegations, and stating plaintiff Richard was discharged for cause. Neff also asserted the affirmative defense of after-acquired evidence, and asserted "Neff is entitled to set off against any award of monies that Richard improperly and/or inappropriately obtained." A scheduling order was entered, setting the trial date for November 2, 2009 and the date for filing amended pleadings on June 22, 2009.

Neff subsequently filed a motion to amend its answer to assert a counterclaim in recoupment on July 15, 2009, over a month after the deadline for filing amended pleadings had passed. Neff's proposed amended answer and counterclaim seeks recoupment of $6,867.56, which Neff alleges represents monies Richard improperly charged to Neff for Richard's personal expenses. Neff argues it should be allowed to file its amended answer out-of-time pursuant to Fed. R. Civ. P. 15(a), which provides "the court should freely give leave when justice so requires." In its original motion, Neff argued the trial date will not be disturbed, but acknowledged plaintiff may want to depose another individual, Adam Mayon, in connection with the allegations raised in Neff's counterclaim. Neff gave as a reason for the delay the deposition of a key witness beyond the discovery deadline, but also stated the discovery upon which the deposition was based was produced by June 1, 2009, which was before the deadline. Neff cited concerns with Rule 11 and wasting the court's time as additional reasons for the untimely filing, but admitted it should probably have filed for an extension of the deadline to amend. Finally, Neff argued to the magistrate judge "[t]he evidence on which the Amended Answer and Counterclaim in Recoupment [is based] will be admissible regardless of whether the Amended Answer and Counterclaim in Recoupment is allowed, and [plaintiff] can depose anyone else he wants before August 21, 2009."

Plaintiff opposed Neff's motion to amend, arguing the amended answer would be untimely and is governed by Fed. R. Civ. P. 16(b), which requires "good cause" to amend, and not the lenient standard of Rule 15(a). Plaintiff argued Neff had shown no good cause for the delay, and the amendment would cause prejudice and delay. Plaintiff asserted all fact discovery in this case is complete, and allowing the amendment would require plaintiff to depose additional witnesses and subpoena additional documents to mount a defense against the specific recoupment counterclaim alleged.

## II. The Magistrate Judge's Ruling

Finding the matter was governed by Rule 16(b), which requires a showing of "good cause," rather than the more liberal standard of Rule 15(a), which states leave to amend "shall be freely given when justice so requires," the magistrate judge found Neff had cited no reasonable explanation for his failure to timely request amendment, and had, in fact, admitted it should have filed a motion for extension of the deadline. The magistrate judge further noted the fact that Neff asserted set-off in its answer indicates it was on notice, at least in a general way, of the facts it now sought to specifically allege in its answer and counterclaim. Finally, the magistrate judge stated allowing the amendment "would require discovery to be reopened to allow plaintiff to depose the witnesses to the alleged specific unauthorized charges." Noting the discovery deadline of August 5, 2009 had passed and the looming trial date of November 2, 2009, the magistrate judge concluded prejudice would result to the plaintiff and would likely adversely impact the trial date should the motion to amend be granted. Therefore, the magistrate judge properly denied Neff's motion to amend its answer to include the counterclaim in recoupment.

### III. Standard of Review

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. *Id.*; *Castillo v. Frank*, 70 F.3d, 382, 385-86 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1044 n.1 (5th Cir. 1998), *citing United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). "Where the court's finding is based on its decision to credit the testimony of one witness over that of another, 'that finding, if not internally inconsistent, can virtually never be clear error.'" *Migis*, 135 F.3d at 1044, citing *Schlesinger v. Herzog*, 2 F.3d 135, 139 (5th Cir.1993), *quoting Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

### IV. The Instant Appeal

On appeal to this Court, Neff contends the magistrate judge's ruling is "clearly erroneous" because the magistrate judge erroneously accepted plaintiff's conclusory representation/assertion that discovery would be necessary in order to respond to the proposed counterclaim and that granting the motion would be prejudicial to plaintiff. Neff contends plaintiff's assertion is untrue, and that even if it were true, this Court granted a two-week extension of the discovery deadline on July 20, 2009, and any discovery that needed to be taken on the recoupment issue could have been taken within that

two-week window. In support of its position, Neff contends the issue of the counterclaim in recoupment has been raised as an issue in Neff's pending motion for summary judgment – within the context of the after-acquired evidence defense, which Neff contends is based on the same evidence that supports the counterclaim in recoupment – and that plaintiff has had no problem responding to those arguments and has not submitted a Rule 56(f) Affidavit stating further discovery is necessary in order for plaintiff to respond to Neff's motion for summary judgment on that point.

In fact, Neff contends on July 20, 2009, at a telephone status conference with *this* Court, the issue of the need to take additional discovery was raised by both counsel, and this Court agreed to extend the discovery deadline by two weeks after counsel confirmed such an extension would not delay the filing of Neff's motion for summary judgment. Therefore, this Court confirmed with counsel – and plaintiff's counsel independently agreed -- the discovery that still needed to be taken in this case would not impact, and was not relevant to, Neff's pending motion for summary judgment.

With respect to additional depositions that might need to be taken on the issue of recoupment, Neff contends there are three primary players involved in the "scheme" that is central to the counterclaim in recoupment: (1) plaintiff; (2) Adam Mayon; and (3) Stuart Vincent, who has already been deposed. Neff contends Adam Mayon has been listed as a witness since October 1, 2008, but plaintiff has chosen not to depose him. Neff further contends plaintiff has been aware of the allegations involving Mr. Mayon since at least July 2, 2009, as plaintiff and his counsel attended the deposition of Stuart Vincent on that date, and plaintiff's counsel cross-examined Mr. Vincent. Despite the foregoing, on July 20, 2009, plaintiff's counsel confirmed to this Court no additional discovery was necessary to address summary judgment issues. Importantly, this Court notes Neff's

motion to amend its answer to assert the counterclaim in recoupment was pending at the time of the July 20, 2009 status conference.

Considering the foregoing, this Court is perplexed. Clearly, the counterclaim Neff seeks to file is untimely. However, it appears in denying Neff's motion, the magistrate judge relied, in large part, on the fact that permitting the counterclaim would (1) prejudice the plaintiff because of the additional discovery that would have to be taken to address the issues raised in the counterclaim, which, in turn, would (2) adversely impact the trial date. However, based on Neff's recitation of the history of the proceedings, it appears when plaintiff's counsel represented to the magistrate judge in his response to Neff's motion to amend – filed on *July 30, 2009* – that he needed to take additional discovery to address the counterclaim in recoupment – plaintiff had already indicated to *this* Court – on *July 20, 2009* – that he did not need to take additional discovery to address the issues raised in that counterclaim (which are based on the same evidence as Neff's defense based on the after-acquired evidence doctrine, which is asserted as a ground for dismissal in Neff's motion for summary judgment). As plaintiff has not filed a response to Neff's appeal of this matter, this Court is left with no explanation for the seemingly contradictory positions taken by plaintiff with respect to this issue.

The finding of a magistrate judge is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1044 n.1 (5th Cir. 1998), *citing United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

After review of the record in this matter, and noting the absence of an explanation by plaintiff

for his seemingly inconsistent positions with regard to this issue, this Court believes a mistake has been committed, in that the magistrate judge apparently was presented with misinformation regarding the actual state of discovery and its resulting impact on the motion before her. This Court is careful to note the mistake that was made was not the fault of the magistrate judge, but rather, appears to have been the result of miscommunication of information from counsel. Based on this Court's review of the proceedings, as well as this Court's review of the pending motion for summary judgment and response, and the statement made to this Court at the July 20, 2009 telephone status conference, it appears to this Court a mistake has been made in not permitting Neff's amendment.

The foregoing conclusion leads this Court to examine the factors that are considered under Rule 16(b) when determining whether a litigant has demonstrated "good cause" for not meeting a scheduling order deadline: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Company v. City of El Paso*, 346 F. 3d 541 (5th Cir. 2003).

In the instant case, the magistrate judge has concluded, and this Court agrees, Neff fails to offer a satisfactory explanation for its failure to timely move for leave to amend. However, the second factor – importance of the amendment – is critical in this case, as this Court notes the overreaching interest of the courts in efficiently bringing related matters to trial at the same time. As pointed out in Neff's motion for summary judgment, the after-acquired evidence doctrine may be applicable in this case to limit the plaintiff's damages award. As set forth in the United States Supreme Court case of *McKennnon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879 (1995), a case decided under the Age Discrimination in Employment Act, the United States Supreme

Court held after-acquired evidence does not operate to bar all relief under the ADEA, but such evidence can limit damages award, and will generally render reinstatement and front pay inappropriate. Should the doctrine be applicable in this case, it is most appropriately brought and applied in the ADA action itself at the damages stage to determine whether plaintiff's damages should be limited. Not allowing the amendment would not allow this Court to efficiently resolve all issues arising out of the alleged unlawful termination of the plaintiff in the same proceeding.

Ths Court has already addressed the third factor – potential prejudice in allowing the amendment – and has concluded that, based on the statements made by plaintiff's counsel at the July 20, 2009 telephone status conference with this Court, it does not appear the plaintiff will be prejudiced should the amendment be allowed. Notwithstanding the foregoing, this Court will attempt to cure any potential prejudice to the plaintiff by re-opening the discovery deadline for the limited purpose of permitting depositions on the issue of Neff's counterclaim in recoupment. Therefore, this factor, as cured, does not bar the requested amendment.

Finally, the fourth factor – availability of a continuance to cure such prejudice – is unnecessary, this Court believes, in light of the facts and circumstances presented in the case at this time, as this Court believes the necessary depositions can be taken in time to allow the parties to prepare for trial.

## V. Conclusion

Therefore, for the foregoing reasons,

IT IS ORDERED that Neff Rental, Inc.'s "Objection to Ruling on Opposed Motion to File Amended Answer and Counterclaim in Recoupment" [Doc. 34] is SUSTAINED, and the decision of the magistrate judge denying Neff's Motion to File Amended Answer and Counterclaim in

Recoupment is REVERSED. Therefore, Neff's Amended Answer and Counterclaim in Recoupment shall be filed by the Clerk of Court.

IT IS ORDERED that should plaintiff wish to depose Adam Mayon, and should plaintiff wish to re-depose Stuart Vincent in light of the counterclaim in recoupment, he shall be allowed to do so, and the costs of those depositions shall be borne by Neff. Should plaintiff wish to take any additional depositions in light of the counterclaim, the costs of those depositions shall be shared by the parties. Neff shall cooperate in the scheduling of all depositions, **all of which must be completed by October 12, 2009.**

THUS DONE AND SIGNED in Lafayette, Louisiana, this 25 day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE