RECEIVED

SEP 2 9 2009 

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DWAYNE M. MURRAY, TRUSTEE FOR THE BANKRUPTCY ESTATE OF ERIC J. RICHARD | CIVIL ACTION NO. 08-0471 |
| VERSUS | JUDGE DOHERTY |
| NEFF RENTAL, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is the "Motion to Dismiss, or, Alternatively, Motion for Summary Judgment or Partial Summary Judgment" [Doc. 28] filed by defendant Neff Rental, Inc. ("Neff"). Neff seeks dismissal of the above-captioned matter under Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds Eric Richard's ("plaintiff") "distraction"-based ADA claim is not recognized in the Fifth Circuit, or alternatively, under Rule 56 on grounds plaintiff's chronic absenteeism precludes recognition of such a claim even in the courts that have recognized ADA distraction claims. Alternatively, in the event this Court does not dismiss this suit in its entirety pursuant to either Rule 12(b)(6) or Rule 56, Neff seeks partial summary judgment based upon the doctrine of after-acquired evidence, contending no later than May 24, 2007, Neff uncovered the fact that plaintiff had taken money from petty cash, and that plaintiff's wife had charged groceries to the Neff account at a local grocery store, both of which are dischargeable offenses. Plaintiff has filed an opposition brief [Doc. 33].[1] For the following reasons, Neff's motion is GRANTED IN PART and DENIED

---

[1] Throughout its motion, Neff refers to and seeks to dismiss plaintiff's "claim," without stating precisely what "claim" it seeks to dismiss, which has made this Court's task in ruling on the motion problematic. In his responsive brief, the plaintiff refers to his "association-based disability suit" and his "distraction claim under the ADA," thereby referring to two types of "claims" brought under the ADA. This Court has attempted to parse out the two types of claims that are addressed in the motions. For the reasons stated in the Ruling, this Court believes only one type of "claim" – the association-based claim – is recognized by the Fifth Circuit. Because of the lack of clarity presented by the parties thus far, this Court will require an outline of claims, as detailed at the end of this Ruling.

IN PART and additional briefing is ordered.

I.  **Factual Background**

In his Complaint, the allegations of which this Court must accept as true for purposes of Neff's Rule 12(b)(6) motion, plaintiff contends he began his employment with Neff over eighteen years ago and that he has held several positions with Neff including Senior Coordinator, Branch Manager, Area Manager and Regional Manager. Plaintiff was terminated from the position of Morgan City Branch Manager on March 28, 2007.

Plaintiff makes the following allegations in his Complaint:

10.

Mr. Richard alleges that on or about August 2, 2005, his wife, Sandy Richard ("Mrs. Richard") was diagnosed with thyroid cancer. This condition has continued and became worse in March 2007.

11.

Mr. Richard alleges that Mrs. Richard's thyroid cancer significantly limited her major life activities including, but not limited to the ability to walk and stand.

12.

In addition to Mr. Richard's association with his wife's disabling condition, Mr. Richard's father, Melvin Richard was and is also suffering a disabling condition as he was diagnosed on January 10, 2006 as having Lou Gerig's disease - ALS.

13.

Mr. Richard alleges that his father's condition (ALS) substantially limits the major life activities of standing and walking, insofar as his father has experienced continuing weakness, fatigue, pain in his legs, lack of balance, a jerky gate and decreased sensation in his legs. This condition is permanent and worsening.

14.

Mr. Richard alleges that he has spent very limited time away from the office to occasionally assist his wife and/or his father. Mr. Richard asserts that each time

he left the office for this purpose, it was for a short period of time and done with prior approval and after discussion with his managers, John Anderson, ("Mr. Anderson") Central Regional VP, James Horn, ("Mr. Horn") the Regional Manager and/or David Levingston, ("Mr. Levingston"), his immediate supervisor.

15.

Mr. Richard alleges that he has never been tardy or absent to any degree which violated the policies of Neff.

16.

Mr. Richard asserts that he has never been written up or counseled by Neff management due to any allegation of attendance problems.

17.

However, Mr. Richard contends that Neff management, including but not limited to Messrs. Anderson, Horn and Levingston, assumed without foundation that, due to his wife's disability and his father's disability, Mr. Richard's enthusiasm and drive at work would be reduced, and/or that Mr. Richard would have to miss work more frequently, leave work early or both, more frequently, in order to care for the worsening condition of his spouse and/or his dad.

18.

Mr. Richard alleges that his termination by Neff on March 28, 2007 was motivated by Neff management's belief that Mr. Richard's enthusiasm and drive at work would be reduced, and/or that Mr. Richard would have to miss work more frequently, leave work early or both, more frequently, in order to care for the worsening condition of his spouse and/or his dad. Mr. Richard contends that this motivation is prohibited by the association clause of the ADA.

[ … ]

27.

Mr. Richard alleges once again that, to the extent he assisted his wife and father, he violated no attendance policies of Neff.

28.

Mr. Richard alleges that (1) he was qualified for the job at the time of his termination – that is, that in spite of the disabilities of his wife and father, he was fully able to perform his job duties and was not in violation of any Neff rules or

policies; (2) he was subjected to adverse employment action – he was terminated; (3) Mr. Richard was known by Neff management as alleged at the time to have a relative or associate with a disability – his wife and father; and, (4) the termination occurred under circumstances raising a reasonable inference that the disability of Mr. Richard's wife and/or father was a determining factor in Neff's decision.

29.

Mr. Richard alleges that Neff managers, including but not limited to, Messrs. Anderson, Horn and Levingston held a discriminatory attitude because of his association with his wife because of her disability due to the thyroid cancer and due to his association with his father because of his disability caused by ALS.

30.

Mr. Richard alleges that he was terminated on or about March 28, 2007 at which time he was told by Mr. Anderson that Neff management perceived that he lacked enthusiasm for the achievement of Neff's business goals because of the distractions caused by his wife's illness and because of his father's medical issues.

31.

Mr. Richard alleges that he was terminated due to defendant's prohibited discriminatory attitude because of his association with his wife's disabling condition and with his father's disabling condition.

32.

Mr. Richard alleges that, whatever alleged legitimate business reasons are asserted for Mr. Richard's termination, said reasons are actually a pretext for the prohibited motivation of discrimination due to his association with his wife's disability and his association with his father's disability.[2]

## II. Legal Standards

### A. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), *quoting Martin K. Eby Constr.*

---

[2] *See* Complaint of Plaintiff, Doc. 1, at ¶¶ 10-18, 27-32.

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id., quoting Bell Atl.*, 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

### B. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

. . . .

. . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

## II. Analysis

### 1. Neff's Rule 12(b)(6) Motion to Dismiss

Again, throughout its motion, Neff seeks to dismiss plaintiff's "claim," without stating precisely what that "claim" is. For example, with respect to its Rule 12(b)(6) motion to dismiss, Neff seeks dismissal of plaintiff's ADA "claim" on grounds the Fifth Circuit has not recognized the plaintiff's *allegations* in his Complaint as actionable.

As a general matter, the ADA prohibits discrimination against a qualified individual with a

-7-

disability. 42 U.S.C. §12112(a).[3] A qualified individual with a disability is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . ." 42 U.S.C. §12111(8).

The ADA also prohibits discrimination against "a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. §12112(b)(4). The Fifth Circuit has recognized association-based ADA claims. In *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 760 (5th Cir. 1996), the Fifth Circuit stated:

> The ADA prohibits employers from taking adverse employment action "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). *For instance, an employer cannot make an adverse employment decision based on the "belie[f] that the [employee] would have to miss work" in order to care for a disabled person.*

(emphasis added).

In its Rule 12(b)(6) motion to dismiss, Neff seeks to frame plaintiff's allegations strictly in terms of plaintiff's "distraction-based" "claims." That is, Neff focuses on Paragraphs 15, 17, 27 and 30 of plaintiff's Complaint, arguing plaintiff contends Neff discharged him based upon two allegedly unfounded assumptions: (1) "his enthusiasm and drive at work was being reduced due to his wife and father's disabilities;" and (2) "he was having to miss work more frequently, leave work early or

---

[3] 42 U.S.C. §12112(a) states:

> (a) General rule
>
> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C.A. §12112(a).

both more frequently, in order to care for the worsening condition of his spouse and/or his father." Neff further argues plaintiff alleges he did not violate any attendance policies at Neff, and contends a supervisor told him at the time of his discharge that Neff management "perceived that he lacked enthusiasm for the achievement of Neff's business goals because of the distractions caused his wife's illness and because of his father's medical issues." Neff goes on to argue "*allegations* of diminished enthusiasm and drive" allegedly arising from the disabilities of plaintiff's wife and father, fail to state a *claim* under the ADA. (emphasis added)

However, in framing plaintiff's *allegations* in terms of plaintiff's "distraction-based" *claims* only, Neff ignores other *allegations* contained within plaintiff's *complaint*. Furthermore, Neff misstates the true nature of plaintiff's allegations as stated in the Complaint. For example, in Paragraph 18, plaintiff specifically alleges "his termination . . . was motivated by Neff management's belief . . . *that Mr. Richard* **would have to miss work more frequently, leave work early or both, more frequently, in order to care for the worsening condition of his spouse and/or his dad.**" Thus, plaintiff does not allege *he was having to miss work more frequently*, as Neff characterizes plaintiff's allegations. Indeed, in both Paragraphs 15 and 27, plaintiff alleges he has never been tardy or absent to any degree which violated the policies of Neff. Rather, plaintiff alleges that he was fired because Neff *believed* that he *would have to miss work to care for a disabled person*, *not* that he was *actually missing work*.[4] Those allegations contend plaintiff establish violation of the association provision of the ADA.

Neff argues the Fifth Circuit does not recognize a *claim* based on the foregoing allegations.

---

[4] In light of the allegation in Paragraph 18, this Court is perplexed by the contention in Neff's memorandum in support of its motion for summary judgment that "[plaintiff] does not claim that Neff discharged him because of anticipated absenteeism." *See* Doc. 28, Memorandum in Support, at p. 8. Based on the express allegation contained in Paragraph 18, it is clear plaintiff alleges exactly this.

However, based on the precise language contained within the *Rogers* case, Neff's argument is not persuasive. In *Rogers*, the Fifth Circuit stated:

> . . . an employer **cannot make an adverse employment decision based on the "belie[f] that the [employee] would have to miss work"** in order to care for a disabled person.

87 F.3d at 760 (emphasis added).

Whether the evidence will actually bear out the plaintiff's allegations is not the issue before the Court at this time. Indeed, the defendant may have evidence that proves the plaintiff did, in fact, violate Neff's attendance policies. However, on this motion, this Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. And it is clear from plaintiff's complaint that he alleges Neff believed he would have to miss work in the future due to his association with his wife and father, who plaintiff alleges are disabled. Thus, Neff's motion must fail.

Neff's motion, also, seeks dismissal of plaintiff's "*allegations* of diminished enthusiasm and drive allegedly arising out of the disabilities of his wife and father." (emphasis added) Neff has rather nebulously referred to these allegations as plaintiff's "distraction *claims*" without providing this Court with any specificity as to what constitutes those "claims" or what *claims* **under the ADA** should be dismissed. Additionally, as noted by this Court, Neff has misstated what plaintiff's allegations are with respect to his "association-based claims" under the ADA. Notwithstanding the foregoing, after review of the plaintiff's allegations in his Complaint and the precise language of the *Rogers* decision, this Court concludes the plaintiff states a *claim* for what the parties have referred to as "association-based" violation of the ADA, *what facts and/or allegations might be relevant to proving that violation is a separate matter.* Accordingly, Neff's motion to dismiss plaintiff's

*allegations* that he was terminated because of Neff management's belief that he would have to miss work or leave work early, or both, more frequently, in order to care for the worsening condition of his spouse and/or his father is DENIED.

However, to the extent plaintiff asserts an independent *claim* for violation of the ADA based on an allegation that "he was terminated because of Neff's perception that he lacked enthusiasm for the achievement of Neff's business goals *because of the distractions* caused by his wife's illness and because of his father's medical issues,"[5] this Court concludes plaintiff's *allegations* in this regard fail to state *a separate and independent claim*, as the Fifth Circuit has not indicated it interprets the ADA to include such an independent *claim*, and this Court declines to take the ADA one step further by finding such an independent claim exists under the ADA. Therefore, Neff's motion to dismiss plaintiff's *allegations* that he was terminated because of Neff management's perception that he lacked enthusiasm for the achievement of Neff's business goals because of the distractions caused by his wife's illness and because of his father's medical issues is DENIED and better addressed as a matter of evidence. However, to the extent these facts and Neff's beliefs which might have supported their actions are relevant to any actual legal issues and allegations of violation of the ADA *in any fashion by the statute and recognized by the Courts*, those facts, nonetheless, might, or might not be relevant and admissible. To the extent plaintiff is attempting to present a separate and independent cause of action under the ADA for "distraction," Neff's motion is GRANTED.

### 2.  Neff's Motion for Summary Judgment

Alternatively, Neff contends this Court should summarily dismiss plaintiff's "claim" because of unexcused absences and because he coerced his subordinates to lie about his whereabouts in order

---

[5] *See* ¶30 of Plaintiff's Complaint, Doc. 1.

to deceive his superiors into believing he was at work.

Notwithstanding the lack of clarity in the foregoing allegations as to which "claim" Neff seeks to have dismissed by the Court, considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds the plaintiff's evidence concerning the following alleged facts suffices to demonstrate the existence of a genuine issue of material fact as to Neff's motivation in terminating the plaintiff's employment in the following particulars:

- plaintiff alleges plaintiff did not have unexcused absences and was never counseled by his superiors on absenteeism; Neff alleges otherwise.

- plaintiff alleges plaintiff always did his job and sometimes stayed after work to get his work done; Neff alleges otherwise.

- plaintiff alleges plaintiff never asked anyone to lie about his whereabouts; Neff alleges otherwise.

- plaintiff alleges Neff did not follow its progressive disciplinary policy and never issued written or verbal reprimands for tardiness to plaintiff; Neff alleges otherwise.

- plaintiff alleges Neff's own personnel records show plaintiff had a "satisfactory" attendance record; Neff alleges otherwise.

To the extent Neff challenges plaintiff's allegations, genuine issues of material fact exist.

For the foregoing reasons, Neff's Motion for Summary Judgment seeking dismissal of plaintiff's "claim" on grounds of his unexcused absences and because he coerced his subordinates into lying about his whereabouts in order to deceive his superiors into believing he was at work is DENIED, as there are genuine issues of material fact that preclude the entry of summary judgment

with respect to these *allegations*.[6]

3. **Neff's Motion for Partial Summary Judgment on the Issue of After-Acquired Evidence**

Alternatively, Neff seeks partial summary judgment on grounds it would have discharged plaintiff anyway, no later than May 24, 2007, because it learned plaintiff had "borrowed" $170 from the petty cash drawer and further learned plaintiff's wife Sandy Richard had charged personal groceries on a Neff account at a local grocery store. Neff alleges these discoveries were just the "tip of the iceberg," and that, after further investigation, Neff learned plaintiff had concocted a scheme to pass on the obligation to pay for personal purchases to Taylor's, a vendor of Neff's.[7]

In response, plaintiff contends the after-acquired evidence doctrine affects only the matter of damages in this case, that is, plaintiff contends if Neff can prove it would have terminated plaintiff for an act or omission it discovered after the termination, then the damages are limited in time up

---

[6] Neff contends plaintiff's disputing of the facts contained in its sworn statements does not create a genuine issue of material fact, because even if plaintiff was a model manager in terms of attendance who never lied to cover his excessive absences, Neff possessed a good faith belief that plaintiff was frequently away without leave and was coercing subordinates to lie to conceal this fact from his superiors. Neff cites *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) for the proposition that "an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason," if the defendant in good faith believed the plaintiff's performance to be unsatisfactory. Noted the court in *Mayberry*, "[m]otive is the issue." *Id.* at 1091. However, this Court cannot assess a party's credibility as to good faith knowledge in the context of a summary judgment motion, as the extent of a party's good or bad faith will necessarily require the weighing of evidence and testimony and evaluation of the credibility of witnesses. Therefore, summary judgment on this issue is not appropriate at this time.

This Court further notes Neff alleges it is not clear whether the traditional burden-shifting paradigm found within *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973) applies to this area of the law and suggests, based on jurisprudence from other circuits, that it does not. Plaintiff provides this Court with no analysis of the issue. Neither party has provided this Court with sufficient information to determine how this issue has been handled in the Fifth Circuit. Notwithstanding the foregoing, this Court concludes there are genuine issues of material fact that preclude the entry of summary judgment at this time.

[7] Although Neff's does not set forth this information in its motion for summary judgment, Neff has filed a motion to amend its answer to assert a counterclaim in recoupment in the amount of $6,867.56 related to the alleged Taylor's scheme. The magistrate judge denied the motion to amend as untimely, and Neff has appealed that ruling to this Court. That appeal is currently pending. For this reason, the Court believes, Neff has included citations to jurisprudence addressing the relation-back doctrine under Rule 15 for amendment of pleadings and the doctrines of equitable tolling and estoppel. The Court notes these matters are more appropriately addressed when the Court addresses the appeal of the magistrate judge's ruling.

to that point. Ergo, plaintiff contends this doctrine does not affect the initial matter of liability for the wrongful termination of plaintiff under the ADA.

In response to the merits of Neff's argument, plaintiff "denies any petty cash involvement," and states the petty cash drawer was under the control of another Neff employee. Plaintiff further explains the $298 invoice from the local grocery store occurred at the time plaintiff was being terminated. Plaintiff contends his wife did not pay the bill out of her funds because she was told by another Neff employee, Adam Mayon, that he would take care of the invoice because plaintiff had lost his job.

Plaintiff admits submitting other invoices to Neff for reimbursement, but explains those charges were for business expenses. Finally, plaintiff denies being involved in any "Taylor's scheme" in which Taylor's paid plaintiff's personal expenses and denies all allegations of Neff with regard to that scheme.

In *McKennnon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879 (1995) – a case cited by Neff and decided under the Age Discrimination in Employment Act -- the United States Supreme Court held after-acquired evidence does not operate to bar all relief under the ADEA, but such evidence can limit damages award, and will generally render reinstatement and front pay inappropriate. Therefore, as the plaintiff argues, assuming the after-acquired evidence doctrine is applicable in this ADA case, the doctrine may not apply to bar all relief for the plaintiff. Rather, should the Court determine the defendant was improperly motivated in terminating the plaintiff, the discovery of after-acquired evidence may act to limit plaintiff's damages award.

In the instant case, plaintiff disputes all of the facts as set forth by Neff with respect to the after-acquired evidence doctrine, creating a genuine issue of material fact as to whether plaintiff

*improperly* "borrowed" $170 from the petty cash drawer and whether plaintiff's wife *improperly* charged personal groceries on a Neff account at a local grocery store. Additionally, all facts alleged by Neff with respect to the "Taylor's scheme" are disputed by plaintiff. Therefore, summary judgment in Neff's favor would be inappropriate with respect to these issues at this time, and these matters must be resolved at trial.

Considering the foregoing, Neff's motion for partial summary judgment on the basis of the after-acquired evidence doctrine is DENIED.

### 4. The References-etc. Report

Finally, this Court notes in their briefs, the parties assert various arguments regarding the admissibility of the "References-etc. Report." Whether this report is admissible or not is not appropriately addressed in the instant motion and this Court notes neither party has set forth the proper standards under which such an evaluation would be made by the Court and all facts are not presented or available to the Court which might bear on an evidentiary matter such as this. Therefore, this Court will not address the admissibility of this report at this time. Evidentiary matters are more appropriately addressed in motions in limine and are better addressed by the Court in that context.

### IV. Conclusion

Therefore, for the foregoing reasons,

IT IS ORDERED that the "Motion to Dismiss, or, Alternatively, Motion for Summary Judgment or Partial Summary Judgment" [Doc. 28] filed by defendant Neff Rental, Inc. is GRANTED IN PART and DENIED IN PART. IT IS ORDERED that Neff's motion to dismiss plaintiff's *allegations* that he was terminated because of Neff management's belief that he would

have to miss work or leave work early, or both, more frequently, in order to care for the worsening condition of his spouse and/or his father is DENIED. IT IS ORDERED that Neff's motion to dismiss plaintiff's *allegations* that he was terminated because of Neff management's belief that he was terminated because of Neff's perception that he lacked enthusiasm for the achievement of Neff's business goals because of the distractions caused by his wife's illness and because of his father's medical issues is DENIED and better addressed as a matter of evidence. To the extent these facts and Neff's beliefs which might have supported their actions are relevant to any actual legal issues and allegations of violation of the ADA *in any fashion by the statute and recognized by the Courts*, those facts, nonetheless, might, or might not be relevant and admissible. To the extent plaintiff is attempting to present a separate and independent cause of action under the ADA for "distraction," Neff's motion is GRANTED.

IT IS FURTHER ORDERED that Neff's Motion for Summary Judgment seeking dismissal of plaintiff's "claim" on grounds of his unexcused absences and because he coerced his subordinates into lying about his whereabouts in order to deceive his superiors into believing he was at work is DENIED, as there exist genuine issues of material fact that preclude the entry of summary judgment with respect to these allegations.

IT IS FURTHER ORDERED that Neff's motion for partial summary judgment on the basis of the after-acquired evidence doctrine is DENIED.

IT IS FURTHER ORDERED that on or before October 5, 2009, plaintiff(s) shall provide all counsel and this Court with an outline of claims.[8] Plaintiff's outline will specifically identify each and every legal claim plaintiff intends to assert (*i.e.*, unlawful retaliation in violation of Title VII;

---

[8] This requirement applies to all counterclaims, cross-claims, third party claims, and interventions. The parties shall state whether they have stipulated to any intervention.

breach of contract, negligence etc.). After identifying his first claim, the plaintiff will identify the specific basis in law (*i.e.* which statute, jurisprudence or contract) upon which the claim is founded, together with any pertinent jurisprudential gloss on the applicable law. Plaintiff must then list all elements required to prove that claim (*i.e.* duty, breach, etc.). Next, plaintiff is to identify specifically each and every remedy he seeks to recover if he succeeds in proving the merits of that legal claim (*i.e.* punitive damages, attorney fees, etc.). As to each remedy, the plaintiff will again identify the basis in law, together with any applicable jurisprudential gloss. Each reference or citation to a statute must be cited to the specific language upon which plaintiff relies and its location. Plaintiff is then to list a <u>very</u> brief recitation of the facts that he will use to prove that claim. Plaintiff is to then list each witness he intends to call in support of that claim and a <u>very</u> brief synopsis of their anticipated testimony. He is also to list any evidence he will submit in support of that claim. Next plaintiff is to list his second claim and provide all of the information above, following the same format. He is to do this for each and every legal claim he is bringing before this Court. ANY CLAIM NOT INCLUDED ON THE OUTLINE DESCRIBED HEREIN SHALL BE DEEMED WAIVED AND ABANDONED. HOWEVER, THE OUTLINE MAY NOT BE USED AS A TOOL TO EXPAND THE CLAIMS IDENTIFIED IN THE COMPLAINT.

IT IS FURTHER ORDERED that on or before October 12, 2009, defendant(s) shall provide all counsel and this Court with an outline containing: (a) specific responses to plaintiff's outline; and (b) any affirmative defenses he is asserting. As to the specific responses, defendant shall, with regard to each claim, set forth each and every element of his response to the claim. For instance, if defendant agrees that a specific claim asserted by plaintiff presents a viable theory in law, but disagrees the facts of this particular case permit plaintiff to recover under that theory, he is to so state and include any evidence and/or argument in support of his position. If defendant does not agree

with any statement of law or fact, he is to respond with the same level of specificity and detail required of the plaintiff as described in the above paragraph. In addition to responding to plaintiff's claims and assertions, defendant shall identify each and every affirmative defense he intends to assert in response to plaintiff's claims. With regard to these defenses, defendant is to provide the same type of information and level of detail required by plaintiff as described in the foregoing paragraph. Defendant is to follow plaintiff's format as closely as possible for ease of reference for all parties and the Court, unless doing so would prejudice defendant. ANY AFFIRMATIVE DEFENSES NOT INCLUDED IN THE OUTLINE DESCRIBED HEREIN SHALL BE DEEMED WAIVED AND ABANDONED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 29th day of September, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE