RECEIVED
OCT 13 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DWAYNE M. MURRAY, TRUSTEE FOR THE BANKRUPTCY ESTATE OF ERIC J. RICHARD | CIVIL ACTION NO. 08-0471 |
| VERSUS | JUDGE DOHERTY |
| NEFF RENTAL, INC. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before the Court are the "Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim Pursuant to Rule 12(b)(6)" [Doc. 59] and the "Motion for Expedited Hearing" [Doc. 60] in connection therewith, filed by defendant Neff Rental, Inc. ("Neff"). Additionally, Neff has filed a "Memorandum in Support of Motion to File Motion in Limine No. 7 Out of Time" [Doc. 61].[1]

In its "Motion for Expedited Hearing," Neff asks this Court to consider its "Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim Pursuant to Rule 12(b)(6)" at the pre-trial conference or before trial, notwithstanding that the motion was filed approximately ten weeks after the dispositive motion deadline and twelve days before the pre-trial conference. In explanation, Neff argues it simply "overlooked" the existence of the claim when filing its dispositive motion and did not realize the claim was pending until this Court required the parties to file outlines.

Review of the pleadings in this matter show plaintiff clearly and expressly alleges a claim for intentional infliction of emotional distress in his original complaint, filed on April 4, 2008.[2]

---

[1] This Court has been unable to link a corresponding "motion" to this "memorandum."

[2] *See* Plaintiff's Complaint, Doc. 1, Count Two, ¶34.

Thus, Neff was on notice there could be a basis for the filing of Neff's Rule 12(b)(6) motion since the time Neff filed its original answer.

As this Court discussed with counsel at length at the July 20, 2009 telephone status conference, at which this Court reluctantly extended the dispositive motion deadline by *one week* to accommodate the parties, this Court's dispositive motion deadline is strictly enforced in order to allow this Court to consider all dispositive motions in a meaningful manner. Were this Court to permit Neff to urge the instant motion in such an untimely manner, the Court would have to permit plaintiff a reasonable opportunity to respond to the motion. With the pre-trial conference set in just twelve days, there is no possibility for this Court to permit a meaningful response time, receive the response, consider the briefs, and render a considered ruling. Counsel are also reminded that the instant case is one of three matters set for trial on November 2, 2009. This Court has numerous outlines, motions in limine, and other pre-trial matters that must be considered in all of the cases set for trial. For this reason, this Court strictly enforces its dispositive motion deadlines, and there simply is not sufficient time to address the untimely motion filed by Neff in a proper and considered manner prior to trial. Further, Neff wishes to file a 12(b)(6) – which is decided on the pleadings. Thus, if there is a basis for filing a 12(b)(6) at this late date, that same basis existed when Neff filed its answer. Neff's explanation for its request for the untimely filing is that is "simply overlooked" the issue. Regrettably, that's not sufficient cause to allow or justify the requested untimely filing.

Considering the foregoing, the "Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim Pursuant to Rule 12(b)(6)" [Doc. 59] and the "Motion for Expedited Hearing" [Doc. 60] are DENIED. Counsel for Neff are free to utilize the full range of procedural rules available to it to attempt to dispose of the claim at issue at the time of trial.

With respect to Neff's "Memorandum in Support of Motion to File Motion in Limine No. 7 Out of Time," as the motion in limine sought to be filed out of time apparently was filed less than one week late, and as the issue involved is one of evidentiary concern and is not dispositive, and as motions in limine are often discussed and decided at the pre-trial conference, this Court will allow "Motion in Limine No. 7" to be filed out of time. "Motion in Limine No. 7," along with all other motions in limine in this case, will be discussed and ruled on at the pre-trial conference.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of October, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE